Dear Mr. Venable and Mr. Harson:
As you are both aware, Mr. Venable requested an Attorney General's opinion regarding the legal representation of the Acadia Parish Gravity Drainage District No. 1 ("District"). In Attorney General Opinion No. 06-0134 our office opined that the District Attorney is the regular counsel for the District, and must represent the District without extra compensation. We stated that because the District Attorney cannot charge the District for legal representation, the District Attorney must refund all fees and expenses paid by the District.
Mr. Harson requested that our office reconsider Opinion No. 06-0134, as that opinion is in conflict with one of our prior opinions, Attorney General Opinion No. 83-425. In Opinion No. 83-425, we stated:
 R.S. 42:261(A) provides that the district attorney "shall ex officio and without extra compensation, general or special," be the attorneys for the School Board. R.S. 16:2 deals with the duties of the district attorney and provides language very similar to the language quoted above in R.S. 42:261A. However, R.S. 16:2A was amended by Acts 1981, No. 728, to eliminate the prohibition of extra compensation for representation of school boards and other state boards and commissions. That statute now reads as follows:
 The district attorneys of the several judicial districts of Louisiana, other than the parish of Orleans, shall ex officio be the regular attorneys and counsel for the police juries, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards or commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except state boards and commissions domiciled at the city of Baton Rouge, parish of East Baton Rouge, and all boards in charge or in control of state institutions.
This office has previously opined that `the later action of the Legislature in deleting the phrase `without extra compensation, general or special' repealed by implication the same language in R.S. 42:261.' (Opinions of the Attorney General, No. 81-1296A, 1982). It would seem, therefore, that your office may receive compensation for services rendered on behalf of the Acadia Parish School Board.
Based upon our review of Opinion No. 83-425, we recall Opinion No. 06-0134. It is our opinion, for the reasons cited above, that the District Attorney may receive compensation for services rendered on behalf of the Acadia Parish Gravity Drainage District No. 1. As such, the District Attorney is not required to refund the fees and expenses paid by the District.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General
 CCF, JR/KLR, III/crt